PROB 12A
(12/96)

# United States District Court

for

## Southern District of Ohio

### Report on Offender Under Supervision

| | | |
|---|---|---|
| Name of Offender: | Anthony Harris | Case Number: **1:01CR00067** |

Name of Sentencing Judicial Officer: **The Honorable S. Arthur Spiegel**
**United States Senior District Judge**

Date of Original Sentence: **January 10, 2002**

Original Offense: **Count One-Mail Fraud, a violation of 18 U.S.C. § 1341**

Original Sentence: **36 month(s) probation**

Special Conditions:
**1) 6 month(s) electronically monitored home confinement
2) Disclose all financial information requested by USPO
3) No new lines of credit without permission from probation officer
4) No involvement in any form of gambling and no entrance into any establishment where the primary reason of the establishment is for gambling purposes
5) Attend Gambler's Anonymous
6) Complete the National Corrective Training Institute (Theft Class)
7) Pay $100 Special Assessment
8) Pay restitution in the amount of $38,694.41**

Type of Supervision: **Probation**          Date Supervision Commenced: **January 10, 2002**

## NON-COMPLIANCE SUMMARY

The offender has not complied with the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| The probationer shall pay restitution in the amount of $38,694.41 to the 10 victim companies in this case | At sentencing, the Court ordered Harris to pay restitution in the amount of $38,694.41, to the 10 victim companies in this case. Mr. Harris has a balance of $37,874.91 as of the date of this report, and will not be able to pay in full during the term of probation. |

U.S. Probation Officer Action:

On January 10, 2002, Anthony Harris was placed on probation for a period of three years. This officer met with Mr. Harris and went over the conditions of supervision in detail. Harris indicated he understood the conditions, including the restitution order, and signed the conditions. This officer set up a pay agreement with Harris for him to pay $40 a month, which represented his best possible effort, based on his financial situation.

During the term of supervision, Harris was cooperative. He provided access to all requested financial information as requested. He struggled to pay $40 a month towards his restitution balance since the beginning of supervision but hasn't always been able to do that due to financial problems due to fluctuating hours at his job. He has maintained the same residence which he owns and has been fully employed during the supervision. The offender has also successfully completed his period of electronically monitored home confinement, has attended Gambler's Anonymous meetings, and successfully completed the National Corrective Training Institute (Theft Class). This officer believes the underlying offense was strictly situational in nature, and since Mr. Harris is no longer employed in a position that affords him access to cash, credit cards, or business checks, he presents a very low risk of recidivism.

In examining his financial situation, Harris and his family have struggled financially due to previous debts that they are still paying off and their low monthly cash flow after all expenses are paid. The offender has few assets, other than his home, and does not have excess cash available to pay the outstanding restitution owed. Harris will continue making payments throughout the balance of the supervision. It is this officer's opinion that Harris has made his best, good faith effort to satisfy the Court's order of restitution. This officer has notified the Financial Litigation Unit of the U.S. Attorney's Office, and the 10 victim companies of the situation. Mr. Harris has expressed his willingness to enter into promissory agreements with all 10 victim companies. Should these companies exercise this option, Mr. Harris will be obligated to pay the excess restitution owed to these companies after the completion of his supervision.

Therefore, based on Harris's cooperation and effort along with his willingness to enter into promissory agreements with the victim companies in order to allow them the opportunity to obtain the outstanding balance of restitution owed to them, this officer is respectfully recommending that no action be taken against Harris for failing to pay restitution, and allow him to discharge as scheduled on January 9, 2005.

The Court is reminded to mark the box reflecting the Court's decision in this matter, and to sign the appropriate location.

Respectfully submitted,

by _David J. Backman_
David J. Backman
U. S. Probation Officer
Date: **October 28, 2004**

Approved,

by _John C. Cole_
John C. Cole, Supervising
U. S. Probation Officer
Date: 11-2-04

[✓] I concur with the recommendation of the Probation Officer
[ ] Submit a Request for Modifying the Condition or Term of Supervision
[ ] Submit a Request for Warrant or Summons

_____
Signature of Judicial Officer

11/2/04
_____
Date